IC

RECEIVED

JUL 27 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

FILED
8/25/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

1:26-cv-08878
Judge Manish S. Shah
Magistrate Judge Jeannice W. Appenteng
RANDOM / Cat. 2

KOBE NEWSOM,
Plaintiff,

v.

AMAZON.COM SERVICES LLC,
Defendant.

Case No. __________

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DISABILITY DISCRIMINATION AND RETALIATION

Plaintiff Kobe Newsom, proceeding pro se, brings this Complaint against Defendant Amazon.com Services LLC and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an employment-discrimination and retaliation action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), including 42 U.S.C. §§ 12112 and 12203.

2. Defendant employed Plaintiff from approximately February 2024 until November 19, 2025, at Defendant's IGQ1 fulfillment center in Cook County, Illinois.

3. Plaintiff has Autism Spectrum Disorder, a longstanding speech impairment, and a learning disability that affect his communication and his ability to process and respond to questions under stress.

4. During his employment, Plaintiff reported disability-related insulting remarks and other workplace misconduct to Defendant's Human Resources department.

5. After Plaintiff made internal complaints, Defendant changed his assignments, increased its scrutiny of his whereabouts, breaks, and timekeeping, investigated him, and terminated his employment.

6. Defendant claims that it terminated Plaintiff for alleged timekeeping violations. Plaintiff denies intentionally falsifying his time or stealing time and alleges that Defendant's stated reason was a pretext for disability discrimination and retaliation.

7. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2026-04120. The EEOC issued a Determination and Notice of Rights dated April 28, 2026.

8. Plaintiff seeks monetary and equitable relief, recoverable costs, a jury trial, and all other relief permitted by law.

## II. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the ADA, 42 U.S.C. §§ 12101 et seq.

10. The enforcement powers, remedies, and procedures applicable to Plaintiff's ADA employment claims are provided by 42 U.S.C. § 12117. The remedies and procedures for Plaintiff's ADA retaliation claim are also available under 42 U.S.C. § 12203(c).

11. Venue is proper in the Northern District of Illinois under 42 U.S.C. § 2000e-5(f)(3), as incorporated into Title I of the ADA by 42 U.S.C. § 12117(a), because the

unlawful employment practices alleged in this Complaint occurred within this judicial district.

12. Defendant employed Plaintiff at its fulfillment center in Cook County, Illinois. Plaintiff would have continued working within this District but for Defendant's alleged unlawful conduct and termination of his employment.

13. The Eastern Division is the proper division because the relevant employment events occurred in Cook County, Illinois.

## III. PARTIES

14. Plaintiff Kobe Newsom is an individual residing in Cook County, Illinois. Plaintiff brings this action on his own behalf and is proceeding pro se.

15. Defendant Amazon.com Services LLC ("Amazon") is a limited liability company that conducts business and employs workers within the State of Illinois.

16. At all relevant times, Amazon was Plaintiff's employer and was an employer subject to Title I of the ADA.

17. Amazon employed Plaintiff at its IGQ1 fulfillment center in Cook County, Illinois, from approximately February 2024 until his termination on November 19, 2025.

18. At all relevant times, the managers, Human Resources personnel, and other employees described in this Complaint acted within the scope of their employment or agency for Amazon.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC, identified as Charge No. 440-2026-04120.

20. In the Charge, Plaintiff alleged disability discrimination and retaliation arising from his employment and termination by Defendant.

21. Defendant participated in the EEOC proceedings and submitted a Position Statement dated April 3, 2026.

22. On April 28, 2026, the EEOC issued its Determination and Notice of Rights. The EEOC stated that it would not proceed further with its investigation, made no determination regarding the merits of Plaintiff's claims, and notified Plaintiff of his right to bring a lawsuit against Defendant.

23. Plaintiff received the Determination and Notice of Rights on or about April 28, 2026.

24. Plaintiff is filing this action within ninety days after receiving the EEOC's Determination and Notice of Rights.

25. Plaintiff has exhausted the administrative remedies required before bringing his ADA claims.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Disabilities

26. Amazon hired Plaintiff on or about February 14, 2024, as a Warehouse Associate at its IGQ1 fulfillment center in Cook County, Illinois.

27. Plaintiff initially worked a reduced schedule and transitioned to a full-time position on or about September 1, 2024.

28. Plaintiff was qualified for his position and was able to perform its essential functions, with or without reasonable accommodation.

29. Plaintiff has Autism Spectrum Disorder, a longstanding speech impairment, and a learning disability.

30. These conditions affect, among other things, Plaintiff's oral communication, his ability to process and respond to questions under stress, and his ability to regulate when he becomes overstimulated in a loud and fast-paced work environment.

31. Plaintiff does not allege that he informed Amazon of his autism diagnosis when he was hired.

**B. Disability-Related Remarks and Plaintiff's Complaint**

32. In or about July 2025, an Amazon manager approached Plaintiff and asked him words to the effect of, "What's wrong with you?" and "Are you slow or something?"

33. Plaintiff responded, "Yes, I am." Plaintiff did not specifically disclose his autism diagnosis during this conversation.

34. Plaintiff understood the manager's remarks as insulting comments about his perceived cognitive or communication limitations.

35. Plaintiff reported the incident to Amazon's Human Resources department because he believed the manager's treatment was inappropriate and discriminatory.

36. Human Resources later apologized to Plaintiff concerning the incident.

37. In a separate incident, another Amazon manager referred to Plaintiff as "stupid."

38. These comments were particularly harmful to Plaintiff because of his lifelong autism, speech impairment, and learning disability.

39. Plaintiff continued to raise concerns about the manner in which he was treated, but Amazon did not prevent further mistreatment.

**C. Additional Workplace Complaints**

40. On or about August 13, 2025, Plaintiff reported a serious workplace safety concern after observing an employee enter the robotic floor without the required safety equipment.

41. Plaintiff reported the safety concern to Process Guide Tai Gordon, but Gordon refused to escalate it to upper management.

42. On or about September 7, 2025, Plaintiff reported concerns involving Gordon and Process Guide Marcus Trotter, including unprofessional conduct, favoritism, harassment, misuse of authority, and safety-related concerns.

43. After Plaintiff spoke with management about workplace misconduct, Gordon and Trotter became noticeably colder toward him, questioned why he had reported the conduct, and made Plaintiff feel singled out and intimidated.

44. Plaintiff's assignments also began to change. He was reassigned between departments and was not consistently permitted to perform Amnesty work that he had previously performed.

45. On October 22, 2025, Plaintiff sent Amazon Human Resources a detailed written complaint concerning ongoing misconduct, harassment, retaliation, intimidation,

favoritism, safety violations, and leadership problems involving Gordon and Trotter.

46. In the written complaint, Plaintiff specifically asked Amazon to review whether the conduct violated its Harassment, Retaliation, Safety, and Conduct Policies.

47. On November 4, 2025, an Amazon representative responsible for addressing concerns submitted to senior leadership acknowledged receiving Plaintiff's complaint and stated that the matter would be reviewed.

48. Plaintiff alleges that, instead of protecting him from retaliation and properly addressing his concerns, Amazon subjected him to heightened scrutiny that ultimately led to an investigation and his termination.

**D. Change in Treatment and Investigation**

49. Before Plaintiff made his workplace complaints, he had not been subjected to comparable scrutiny concerning his whereabouts, breaks, or timekeeping.

50. On occasions when Plaintiff became overwhelmed, he sometimes took a brief break and then returned to his work.

51. To Plaintiff's knowledge, the general manner in which he performed his job did not materially change after he made his complaints.

52. Before Plaintiff made his complaints, Amazon had not informed him that his occasional brief breaks were interfering with his ability to perform his job or could result in termination.

53. After Plaintiff made his complaints, Amazon began more closely questioning his whereabouts and scrutinizing his breaks and timekeeping.

54. Amazon began treating conduct that had not previously resulted in comparable scrutiny as a serious disciplinary matter.

55. Plaintiff alleges that the change in Amazon's scrutiny and enforcement, rather than a material change in how Plaintiff performed his work, supports an inference of retaliation.

56. Amazon reviewed Plaintiff's timekeeping and building-access records for several dates between approximately October 28 and November 9, 2025.

57. On or about November 11, 2025, Human Resources Associate Partner Jamari Butler conducted a "seek-to-understand" meeting with Plaintiff concerning alleged timekeeping discrepancies.

58. Plaintiff was nervous and had difficulty fully explaining himself during the meeting because his disabilities affect his communication and his ability to respond to questions under stress.

59. Plaintiff informed Human Resources that he had not been feeling well and asked words to the effect of, "What if I have a disability?"

60. Through this statement, Plaintiff notified Amazon that a disability could be relevant to the conduct Amazon was investigating.

61. Amazon did not ask Plaintiff to provide medical documentation, refer him to its Disability and Leave Services department, or otherwise begin a meaningful discussion concerning whether he needed a reasonable accommodation.

62. Amazon did not pause the disciplinary process to determine whether Plaintiff's communication difficulties, confusion, need for brief breaks, or other conduct under investigation were related to a disability.

63. Amazon relied in part on information provided by Tai Gordon and Marcus Trotter, the same individuals Plaintiff had previously reported for misconduct, retaliation, intimidation, and safety concerns.

64. Plaintiff alleges that Gordon and Trotter were not neutral sources because of the prior complaints he had made against them.

65. Plaintiff denies intentionally falsifying his timecard, stealing time, or attempting to receive compensation for time he knowingly did not work.

66. Plaintiff alleges that any timekeeping discrepancies were unintentional and involved circumstances including confusion regarding clocking out, lost badges, illness, movement between work areas, indirect work, and other personal or medical incidents.

67. In the EEOC proceedings, Amazon did not identify video evidence or an independent firsthand witness who observed Plaintiff intentionally falsifying his time.

**E. Termination of Plaintiff's Employment**

68. On November 19, 2025, Plaintiff reported to Amazon for his scheduled shift.

69. Plaintiff discovered that his badge did not work and was then informed that Amazon had terminated his employment.

70. Amazon stated that Plaintiff had committed a Category 1 violation involving alleged falsification of his timekeeping records.

71. Amazon's termination document accused Plaintiff of multiple timekeeping discrepancies occurring between October 28 and November 9, 2025.

72. Plaintiff refused to sign the termination document because he did not agree that he had intentionally falsified his time or committed "time theft."

73. Before his termination, Plaintiff was not given a meaningful opportunity to correct the alleged discrepancies, explain them with disability-related assistance, or participate in an accommodation process.

74. Amazon terminated Plaintiff approximately two weeks after it acknowledged receiving his detailed written workplace complaint and shortly after he raised the possibility of a disability during the Human Resources investigation.

75. Plaintiff alleges that Amazon selectively relied on incomplete timekeeping and access data while failing to consider his disability, communication limitations, work assignments, indirect work, and complaints against the individuals whose statements Amazon used.

76. Plaintiff alleges that Amazon's stated reason for terminating him was not the complete or genuine reason for its decision and was a pretext for disability discrimination and retaliation.

77. Following his termination, Plaintiff was designated as ineligible for rehire by Amazon, which has caused continuing employment harm.

78. As a result of Amazon's conduct, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, embarrassment, inconvenience, and other financial and nonfinancial damages.

## VI. COUNT I - ADA RETALIATION
### 42 U.S.C. § 12203

79. Plaintiff incorporates paragraphs 1 through 78 as though fully stated in this Count.

80. Plaintiff engaged in activity protected by the ADA when he reported to Human Resources the manager's comments asking, "What's wrong with you?" and "Are you slow or something?"

81. Plaintiff reasonably believed that the comments and treatment he reported were discriminatory because they concerned his perceived cognitive and communication limitations.

82. Plaintiff further raised a disability-related concern during the Human Resources investigation when he asked, "What if I have a disability?"

83. Through these reports and statements, Plaintiff opposed conduct that he reasonably believed violated the ADA and attempted to exercise rights protected by the ADA.

84. Amazon knew about Plaintiff's protected activity because Plaintiff made his complaint directly to Human Resources and raised the disability issue during a Human Resources investigation.

85. After Plaintiff engaged in protected activity, Amazon subjected him to materially adverse treatment, including heightened scrutiny of his whereabouts, breaks, timekeeping, and work practices.

86. Amazon also changed Plaintiff's assignments, relied on information from individuals Plaintiff had previously reported, investigated his timekeeping, and terminated his employment.

87. The manner in which Plaintiff generally performed his work had not materially changed, but Amazon's treatment and scrutiny of his work changed after he made his complaints.

88. Amazon acknowledged Plaintiff's detailed written complaint on November 4, 2025, investigated his timekeeping shortly thereafter, and terminated him on November 19, 2025.

89. The close timing, sudden increase in scrutiny, reliance on persons Plaintiff had reported, and different treatment of previously known work practices support an inference of retaliation.

90. Amazon claimed that it terminated Plaintiff for intentional timekeeping falsification. Plaintiff denies intentionally falsifying his time or stealing time.

91. Plaintiff alleges that Amazon's stated explanation was not the complete or genuine reason for its actions and was a pretext for retaliation.

92. But for Plaintiff's protected activity, Amazon would not have subjected him to the same heightened scrutiny, disciplinary investigation, and termination.

93. Amazon's conduct violated the ADA's prohibition against retaliation, 42 U.S.C. § 12203.

94. As a direct result of Amazon's retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, embarrassment, inconvenience, and other damages.

95. Plaintiff is entitled to the legal and equitable relief permitted by law.

## VII. COUNT II - ADA DISABILITY DISCRIMINATION
## 42 U.S.C. § 12112

96. Plaintiff incorporates paragraphs 1 through 95 as though fully stated in this Count.

97. Plaintiff has Autism Spectrum Disorder, a longstanding speech impairment, and a learning disability that affect major life activities, including speaking, communicating, concentrating, thinking, and learning.

98. Plaintiff was qualified for his Warehouse Associate position and was capable of performing its essential functions, with or without reasonable accommodation.

99. Plaintiff does not allege that Amazon knew about his autism diagnosis when it hired him.

100. During Plaintiff's employment, an Amazon manager asked him, "What's wrong with you?" and "Are you slow or something?"

101. These remarks indicated that the manager perceived Plaintiff as having cognitive or communication limitations.

102. Plaintiff reported the disability-related remarks to Human Resources, and Human Resources later apologized concerning the incident.

103. A different manager later referred to Plaintiff as "stupid," further reflecting negative treatment connected to his perceived cognitive or communication limitations.

104. During Amazon's investigation, Plaintiff informed Human Resources that he had not been feeling well and asked, "What if I have a disability?"

105. By the time Amazon decided to terminate Plaintiff, Amazon knew that Plaintiff had raised the possibility of a disability and had previously reported remarks concerning perceived cognitive or communication limitations.

106. Amazon nevertheless proceeded with its disciplinary investigation without meaningfully determining whether Plaintiff's disability, speech impairment, communication difficulties, confusion under stress, or need for brief breaks affected the matters being investigated.

107. Amazon subjected Plaintiff to heightened scrutiny, investigated his breaks and timekeeping, changed his assignments, and terminated his employment.

108. Amazon claimed that Plaintiff was terminated because he intentionally falsified his timekeeping records. Plaintiff denies intentionally falsifying his time or attempting to steal time.

109. Plaintiff alleges that, but for his actual or perceived disability, Amazon would not have subjected him to the same adverse treatment or terminated his employment.

110. Amazon's treatment of Plaintiff, including the disability-related insults, changed scrutiny, failure to fairly consider his communication limitations, and termination, constitutes discrimination on the basis of disability.

111. Amazon thereby violated Title I of the ADA, including 42 U.S.C. § 12112.

112. As a direct result of Amazon's discrimination, Plaintiff suffered lost wages, lost employment benefits, emotional distress, humiliation, embarrassment, inconvenience, and other damages.

113. Plaintiff is entitled to the legal and equitable relief permitted by law.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Kobe Newsom respectfully requests that the Court enter judgment in his favor and against Defendant Amazon.com Services LLC and award the following relief:

**A.** A declaration that Defendant violated the Americans with Disabilities Act;

**B.** Back pay, including lost wages, employment benefits, and other compensation Plaintiff would have received but for Defendant's unlawful conduct;

**C.** Reinstatement to an appropriate position or, when reinstatement is not feasible, an award of front pay;

**D.** Removal or correction of records designating Plaintiff as ineligible for rehire, to the extent permitted by law;

**E.** Compensatory damages for emotional distress, humiliation, embarrassment, inconvenience, and other injuries;

**F.** Punitive damages to the extent permitted by law;

**G.** Prejudgment and post-judgment interest;

**H.** Plaintiff's recoverable costs and expenses;

**I.** Appropriate equitable and injunctive relief; and

J. Any other relief that the Court determines is just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues for which a jury trial is available.

Respectfully submitted,
Dated: July 26, 2026

**/s/ Kobe Newsom**
**Kobe Newsom, Plaintiff, Pro Se**
**15966 Debbie Lane**
**South Holland, Illinois 60473**
**Telephone: (312) 221-3938**
**Email: kobenewsom@gmail.com**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/28/2026

**To:** Mr. Kobe Newsom
15966 Debbie Ln
South Holland, IL 60473
Charge No: 440-2026-04120

EEOC Representative and email: OLGA HARO
INVESTIGATOR
OLGA.HARO@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2026-04120.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
04/28/2026

Amrith Kaur Aakre
District Director

**Cc:**
Ashley Wydro
Amazon.com Services LLC c/o Littler Mendelson, P.C.
2301 McGee Street Suite 700
Kansas City, MO 64108

NA NA
410 Terry Avenue North
Seattle, WA 98109

Incident Location
Amazon.com Services LLC
15966 Debbie Ln
South Holland, IL 60473

Gary Martoccio Esq.
Martoccio Law Group
2101 West Platt Street Suite 200
Tampa, FL 33606

Please retain this Notice for your records.